IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

David J. McNett,                                     Case No. 3:08 CV 1121

                Plaintiff,           MEMORANDUM OPINION
                                     AND ORDER

-vs-
                                     JUDGE JACK ZOUHARY

National Credit Union Administration,

                Defendant.

### INTRODUCTION

This matter is before the Court on Defendant's Motion for Summary Judgment (Doc. No. 7). This was followed by *pro se* Plaintiff's request for time to conduct discovery to respond to the Motion (Doc. No. 8). The Court held a status conference granting both sides time to file briefs addressing whether Plaintiff had complied with the requirement that he file an administrative claim under the Federal Tort Claims Act (FTCA) prior to the filing of this lawsuit (Doc. No. 9). Both sides filed supplemental briefings (Doc. Nos. 10-11).

### DISCUSSION

Defendant argues in its Motion for Summary Judgment that Plaintiff's claim is barred because he did not exhaust his claims against the National Credit Union Administration (NCUA) pursuant to the FTCA. However, the Motion is more properly construed as a Motion to Dismiss for lack of subject matter jurisdiction under Federal Civil Rule 12(b)(1) because the exhaustion requirement

under the FTCA, 28 U.S.C. § 2675(a), is jurisdictional. The Sixth Circuit has held that the United States is immune from lawsuit except where it consents to be sued. *Garrett v. United States*, 640 F.2d 24, 26 (6th Cir. 1981). The FTCA provides a limited waiver of immunity. *Id.* The administrative exhaustion and statute of limitations requirements in the FTCA "are jurisdictional requirements, not capable of waiver or subject to estoppel." *Id.*

Accordingly, the Court applies the standard of review provided by Rule 12(b)(1). Plaintiff bears the burden of establishing subject matter jurisdiction. *Moir v. Greater Cleveland Regional Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). Because Defendant poses a factual challenge to the Court's jurisdiction, matters beyond the pleadings may properly be considered without treating the Motion as one for summary judgment. *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915-16 (6th Cir. 1986) ("[O]n a Rule 12(b)(1) challenge to subject matter jurisdiction, the court is empowered to resolve factual disputes. . . . [I]t is clear that in either a Rule 12(b)(1) or a Rule 12(b)(6) motion, the parties are free to supplement the record by affidavits; however, in a Rule 12(b)(1) motion, this supplementation does not convert the motion into a Rule 56 summary judgment motion.").

A threshold inquiry is whether Plaintiff's action against the NCUA is covered by the FTCA. The NCUA board has the power to "sue and be sued, complain and defend, in any court of law or equity, State or Federal." 12 U.S.C. § 1789(a)(2). However, the FTCA provides: "The authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under Section 1346(b) of this title, and the remedies provided in such cases shall be exclusive." 28 U.S.C. § 2679(a). The FTCA provides the exclusive remedy for claims against the NCUA under Section 1346(b), which includes actions "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or

omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Id.* § 1346(b)(1). In requesting a waiver of its administrative claims requirement (Doc. No. 10), Plaintiff appears to concede the FTCA governs this action, and the Court finds his Complaint falls within the broad confines of this provision. The thrust of the claim is that Defendant caused Plaintiff's termination from employment by revealing to Plaintiff's employer that he had reported alleged improprieties to the NCUA (Doc. No. 2, Amended Complaint ¶¶ 10, 13).

Because this claim is covered by the FTCA, Plaintiff must establish he has met its administrative exhaustion requirements. The requirements are: (1) providing written notice of a claim "sufficient to enable the agency to investigate the claim," and (2) placing a value on the claim. *Glarner v. U.S. Dep't of Veterans Admin.*, 30 F.3d 697, 700 (6th Cir. 1994). Technical deficiencies in the form of the claim, such as incomplete or improperly authorized forms, are not dispositive if the essential elements of notice and value are met. *Conn v. United States*, 867 F.2d 916, 918-19 (6th Cir. 1989).

Plaintiff asks the Court to waive the requirement of filing an administrative claim (Doc. No. 10, p. 1) because he made attempts to contact the NCUA through Freedom of Information Act requests in July and August 2007. He also wrote to the office of his U.S. congressman, Jim Jordan, in March, July, and September 2007; to Ohio Senators Mike DeWine and George Voinovich in January 2006; and to Ohio Senator Sherrod Brown in June 2007 (Ex. B, C and D to Doc. No. 11). In these letters, he complains he was wrongfully terminated through the NCUA's actions. However,

3

he did not file an administrative claim with the NCUA on either Standard Form 95 or any other similar document.

It is clear under Sixth Circuit case law that the administrative claim requirement cannot be waived; both requirements must be met in order for a federal court to assert jurisdiction over the claim. *See, e.g.*, *Glarner*, 30 F.3d at 700 (finding no administrative exhaustion for a claim that provided adequate agency notice but no claim value); *Douglas v. United States*, 658 F.2d 445, 447 (6th Cir. 1981) (affirming both administrative claim exhaustion requirements and noting that the FTCA requires federal agencies to be the initial arbiters of federal tort claims). Further, Plaintiff offers no good reason for waiving the tolling of the statute of limitations. Though the Court may overlook technical deficiencies in the form of his NCUA claim, Plaintiff failed to file any claim at all. His Freedom of Information Act request and letters to his senators and congressional representative do not constitute a claim for purposes of the FTCA because they do not provide sufficient written notice that would enable the NCUA to investigate his claim. Additionally, Plaintiff submitted no documents which could be construed as a description of the claim or that include a demand for a sum certain.

### CONCLUSION

For the above reasons, the Court finds it lacks jurisdiction and the Complaint is dismissed.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

September 23, 2008